## BERTHA HOLZGRAVER v. LOUIS STECKMAN AND ANOTHER.[1]

February 2, 1940.

No. 32,268.

*Earl W. Dayton* and *Fred A. McGuire,* for appellant.
*Martin H. Otto* and *Philip L. Scherer,* for respondents.

HOLT, JUSTICE.

Plaintiff and defendants, husband and wife, executed a contract on March 23, 1938, whereby, in consideration of $1,000, then paid by plaintiff, defendants agreed to build a home upon certain land in Le Sueur, Minnesota, owned by them in which plaintiff "will

[1]Reported in 289 N. W. 881.

have her separate room, and that she may live in their said home with them during the remainder of her life and during all that time they will furnish her with the said room, and in addition will furnish her with food and board." At the time the contract was made plaintiff was a widow, childless, and 77 years old. She was afflicted with a weak heart, high blood pressure, chronic asthma, and arteriosclerosis. She had known defendants for over ten years but was not related to either of them. She and Mrs. Steckman belonged to the Ladies' Aid Society of the same church. The age of defendants is not disclosed. They had a married daughter in Minneapolis; their youngest daughter, about 14 years of age, was a member of the household. Plaintiff owned a home in Le Sueur, which was leased because she thought she could not live alone in it. Some time before March 23, 1938, defendants borrowed $500 of plaintiff, giving a mortgage to secure the repayment thereof. It appears that Mr. Steckman built a garage on plaintiff's property, and for his services $300 was credited on the mortgage. Two hundred dollars was paid in cash and the mortgage was satisfied. The time this loan was made, the work was done, or the mortgage was satisfied is not disclosed. While defendants' house was being built the question of installing toilets came up, and plaintiff loaned defendants $100 so that she could have the use of a toilet. A toilet was installed. On June 1, 1938, defendants' home was ready for occupancy. They moved in and so did plaintiff. Plaintiff testified that she was satisfied with defendants' treatment of her the first three months of her stay with them. In the last week of August Mrs. Steckman had to take her daughter to Minneapolis for an appendicitis operation, and for a week plaintiff had to prepare her own meals. In the latter part of November she desired to consult a doctor in Minneapolis and asked defendants to furnish her with $25 so that she could pay the doctor. Defendants furnished the $25, and at plaintiff's request Mrs. Steckman went with her by bus to Minneapolis. Sometime later plaintiff says she was ill and could not eat or sleep well; and in December, 1938, when she ascertained that her

relatives were going into Sibley county, she requested a ride with them to a friend living in Henderson. She remained some days there and arranged for room and board at $25 per month. Then she came back to defendants' home; told them she was not going to stay; of her arrangement at Henderson; and wanted them to refund the $1,000 by paying $25 a month so that she could meet the engagement made. This defendants refused. This action followed. The trial resulted in findings in favor of defendants. Plaintiff appeals from the order denying her motion for amended findings or a new trial.

The complaint is exceedingly verbose, and it is rather difficult to ascertain the pleader's theory of the cause of action. The contract is attached to and made a part of the complaint. It is signed, witnessed, and acknowledged. Plaintiff admits it was read to her before being signed; but reiterates that she does not understand the meaning of legal terms used in a contract. She says she wanted a mortgage on defendants' home to secure the contract; but admits she was informed that they would not or could not give it. There are numerous and repeated general allegations of conspiracy, fraud, and design on defendants' part to secure plaintiff's money with the intention not to perform the contract; but the record is entirely barren of any proof of fraud or misrepresentation inducing plaintiff to make the contract. Plaintiff's claim, that she did not understand the short agreement expressed in plain, simple language, is refuted by the fluency and ease with which she testified. There was no proof of a breach or refusal by defendants to perform the contract. When plaintiff went to Henderson there had been no quarrel with defendants. If she felt that she was not being treated right as a member of the family she did not tell defendants of her dissatisfaction. Plaintiff was the only witness called to testify in respect to the negotiations culminating in the contract. A doctor testified as to her physical and mental condition at about the time of the execution of the contract. However, his testimony was not such as to

require a finding of incompetency, nor did the complaint raise such issue.

The assignments of error are not in accordance. with the rules. The first assignment is: "The trial court erred in findings as follows." Then each of the seven paragraphs is set out *in haec verba*. The next is: "The trial court erred in making the following conclusions of law." Then follow the five conclusions of law. The only other assignment of error is that the court erred in failing to make the amended findings proposed, and: "That the trial court erred in failing to make the following conclusions of law: (1) That plaintiff is entitled to the cancellation of said purported agreement, exhibit A; (2) that the plaintiff herein is entitled to judgment against the defendants and each of them in the sum of Twenty-five hundred dollars," and that the same be adjudged a lien upon defendants' home. There is no assignment of error in respect to any ruling in the course of the trial. An omnibus assignment of error against findings of fact consisting of several separately numbered paragraphs is not good. Several of the seven findings of fact were admitted either by the pleadings or by plaintiff in her testimony. If any finding of fact is to be challenged on appeal as not supported by the evidence, the assignment of error must so specify. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 361.

However, we deem the evidence adequately sustains the finding to the effect that plaintiff was mentally competent to enter into the contract mentioned, and that "this written contract represents the full and complete agreement between these parties." This also applies to this finding of fact, reading: "7. That on or about December 10, 1938, the plaintiff voluntarily left the home of defendants and has since lived elsewhere, all without any provocation by the defendants, or either of them, or any other cause whatsoever." The evidence also sustains these conclusions of law (which really are findings of fact): "2. That no fraud, misrepresentation, deceit, undue influence or any advantage of any kind whatsoever was practiced upon this plaintiff by the defendants, or either of them, to induce her to enter into said written

agreement, or in the reducing of their oral agreement into this written contract, or in any way whatsoever in connection with this contract. 3. That the contract has in no way been breached by the defendants, or either of them." These quoted findings are decisive against plaintiff on this appeal.

It is not necessary to discuss the law applicable to contracts of this nature nor to distinguish those between relatives from those entered into between unrelated friends. At best such contracts carry the seeds of future friction and discontent. The physical and mental decline ordinarily experienced prior to death casts a heavier burden upon those having undertaken the care and support of an aged person than anticipated. Ill-health or even imaginary trouble may so affect the feelings or disposition of either party to such a contract as to make it impossible to carry it out as intended. In Priebe v. Sette, 197 Minn. 453, 267 N. W. 376, a contract for support was involved. There previous cases in this court are referred to and quite fully reviewed. In none was relief granted the one who had bargained for support where there were findings at all similar to those above quoted supported by adequate evidence. In the case at bar there is not the slightest evidence of a breach by defendants, or either of them, of the contract.

The order is affirmed.